UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE JOHNSON, <br><br> Petitioner, <br><br> v. <br><br> UNKNOWN, <br><br> Respondent. | Case No. 5:18-cv-02486 PA (SHK) <br><br> **ORDER SUMMARILY DISMISSING PETITION AS PREMATURE AND UNEXHAUSTED** |

### I. BACKGROUND

On October 29, 2018, Petitioner Richard Lee Johnson ("Petitioner") constructively filed[1], what appears to be, a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254 (the "Petition" or "Pet.") in the United States District Court for the Southern District of California. Electronic Case Filing Number ("ECF No.") 1, Pet. The matter was subsequently transferred, on November 20, 2018, to the Central District of California because the state court conviction at

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

issue was sustained in Riverside County, California, which is within the jurisdiction of this Court. ECF Nos. 3, 3-1.

In his "Petition," which did not utilize the Court's standardized form, Petitioner states that he was sentenced on October 26, 2018 in case number RIF 16033967 and, according to the California Court of Appeal website, a corresponding appeal with this same trial court case number and name as the Petitioner was filed on October 16, 2018 and assigned California Court of Appeal case number E071605.[2] Petitioner seeks the Court to appoint an "Appellant [sic] Attorney." ECF No. 1, Pet. at 1. Petitioner goes on to state that he is "also sending in this letter to help show cause that [his] constitutional rights w[ere] violated." Id. Specifically, Petitioner states that his counsel was ineffective, his equal protection rights were violated, the prosecutor acted improperly in a variety of ways, the judge acted improperly in a variety of ways, and at least one of the state's witnesses lied. Id. at 2-3. Near the conclusion of this document, Petitioner states: "I am begging for a[n] appellant [sic] attorney from your San Diego office to reopen my trial case . . . ." Id. at 3. Finally, Petitioner states that he is "requesting a stay and not be sent to prison while I await my new trail [sic][,] but to be sent to Robert Presley P.O. Box 710[,] Riverside Calif 92502." Id. at 4.

On November 6, 2018, Petitioner constructively filed a supplemental document again asking for the Court to provide him an appellate attorney. ECF No. 2, Supp. Pet. at 1. Petitioner asserted several of the same complaints in this supplemental document and again alleged a variety of violations of his

---

[2] The Court takes judicial notice of the California Court's docket pertaining to Petitioner. See Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Harris v. Cty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records). Details regarding Petitioner's Superior Court trial and conviction were found using the Criminal Case Summary search function on the Superior Court of California Online Services website, found at http://www.lacourt.org/criminalcasesummary/ui/. Information about Petitioner's appellate proceedings was found using the California Appellate Courts Case Information System, found at http://appellatecases.courtinfo.ca.gov/.

constitutional rights. Id. at 1-2. Petitioner also included his notice of appeal, which was marked as received by the Riverside County Superior Court on October 18, 2018. Id. at 3.

## II. DISCUSSION

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, habeas petitioners must fairly present their federal claims involving violations of the U.S. Constitution in the state courts to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Habeas petitioners must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented only if the petitioner has "indicated to the court that [the federal claims] were based on federal law." Lyons v. Crawford, 232 F. 3d 666, 668 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001).

Here, it appears that Petitioner has not raised any of his federal claims before any court other than the California superior court in Riverside, much less the California Supreme Court. In fact, based on the California Court of Appeal docket, Petitioner has only begun his direct appeal process a few months ago. Therefore, the Petition is summarily dismissed, without prejudice.

With respect to Petitioner's request for appointment of appellate counsel to help him in his state court appeal, this is not the type of relief that can be granted

3

via a habeas petition. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (noting that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action") (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)).

### III. CERTIFICATE OF APPEALABILITY

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Here, the Court is dismissing the Petition without prejudice because the claims are plainly unexhausted and because the relief sought is not the type of relief that can be obtained by a habeas petition. Because of these clearly apparent problems with the Petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

/ /

/ / /

4

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice; and
2. A Certificate of Appealability is **DENIED**.

Dated: January 10, 2019

PERCY ANDERSON
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge